S. Samuel Di Falco, S.
The fourth and fifth articles of the testatrix’ will bequeath specific articles of personal property to her husband and certain of her issue. The seventh article of the will provides: “ I direct my executors to sell all of my tangible personal property (and I do not include therein any stocks or bonds owned by me) situated in the United States of America or in any foreign country and which is not herein-before specifically bequeathed and including any lapsed specific bequests, and I direct that the net proceeds thereof be paid over *584 to United States Trust Company of New York to be held upon the trusts created by the Sixth paragraph of the will of Elizabeth Blee Frasch, deceased * * *. I authorize my executors to appoint a nominee with full power to exercise the judgment and discretion which is vested by law in them in making such sales, and I direct them to wait as long at it may in their judgment be necessary to secure adequate prices for the various articles.”
The ninth article of the will directs that certain real property in France be sold by the executors and that all French taxes, French duties and French administration expenses be charged against the proceeds of such sale. The twelfth article of the will directs that all estate taxes be paid from the residuary estate as expenses of administration. Jewelry and personal effects, which concededly comprised tangible property encompassed within the direction of the seventh article, were sold by the executors for very substantial sums. Prior to the consummation of such sale expenses were incurred for insurance of jewelry, for its transportation from Monaco to this Country, for appraisal fees and for legal services in Monaco. The executors request advice as to whether these expenses are deductible in the computation of the net proceeds of sale or such expenses are to be imposed upon the residuary estate.
The will directs that the “ net proceeds ” of the sale of the property be paid to the legatee. The word net means a balance remaining after deductions and, when applied to the proceeds of a sale, the word identifies the amount remaining after deduction of all expenses of the sale from the sales price. The generally recognized meaning of the expression net proceeds is applicable to the decedent’s will unless it is evident that the testatrix intended the term be given a different significance. Such a contrary intention does not appear in the will and, in fact, it is quite apparent that the testatrix, in directing that a sale be delayed until adequate prices could be procured, was appreciative of the fact that a continued holding of the property would incur expense. In absolving her executors from liability for delaying a sale the testatrix was expressing her opinion that any additional expense so incurred would be compensated for by the more favorable market that might become existent a considerable time after the appointment of her executors. It would be illogical to conclude that the legatee of the tangible property, benefiting by a delayed sale, was to obtain the advantage of a higher sales price at the expense of the residuary beneficiaries.
*585 The charges listed in the account are expenses essential to the acquisition of the property by the executors, its protection pending sale and its removal to a proper market. These charges are expenses requisite to the procuring of an adequate sales price. They are expenses of sale which are to be deducted from the sales price in order to obtain the amount of the net proceeds.
The attorneys for the executors are directed to serve and file an affidavit of legal services in order that their fee may be fixed pursuant to section 285 of the Surrogate’s Court Act.
Proceed accordingly.